IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EDDISON T. WALTERS<br>Individually and on behalf of all<br>similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DLJ MORTGAGE CAPITAL, INC.,<br><br>Defendant. | )(<br>)(<br>)(<br>)(<br>)(<br>)(<br>)(   CASE NUMBER: CV<br>)(<br>)(<br>)(<br>)( |

## COMPLAINT

**NOW COMES** Plaintiff, **Eddison T. Walters**, individually and on behalf of all similarly situated individuals, and as his Complaint against the defendant, DLJ Mortgage Capital, Inc. ("DLJ Mortgage"), avers as follows:

### INTRODUCTION

1. Plaintiff brings this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

3. Venue is proper because the events giving rise to Plaintiff's cause of action occurred in this district.

## THE PARTIES

4.  Plaintiff, Eddison T. Walters, is an individual of full age of majority and resides in Tuscaloosa County, Alabama.

5.  DLJ Mortgage is a corporation doing business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTUAL ALLEGATIONS

6.  On September 21, 2011 DLJ Mortgage received an assignment of an interest in the plaintiff's mortgage loan and the same was recorded in the probate office of Tuscaloosa County, Alabama.

7.  The mortgage loan at issue was secured by the plaintiff's principal residence.

8.  The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

> (g) **Notice of new creditor**
> (1) **In general**
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.
> (2) **Definition**
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

## COUNT ONE

9. Plaintiff realleges the allegations above as if fully set out herein.

10. Regarding Plaintiff, DLJ Mortgage received an assignment of an interest in real estate which is used as his principal dwelling. (The assignment is attached hereto is Exhibit "A" and incorporated by reference).

11. Upon receipt of that assignment, DLG Mortgage was required to notify Plaintiff in writing of such transfer, within 30 days, and make all the disclosures set out above.

12. DLJ Mortgage failed to notify Plaintiff at all and therefore failed to make the requisite disclosures.

13. Plaintiff has been damaged because he did not receive the notice of the transfer of his mortgage loan to which he was entitled.

WHEREFORE, Plaintiff demands judgment for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

## CLASS ALLEGATIONS

14. Plaintiff restates the relevant allegations above on behalf of a class of similar situated borrowers and brings the following class claim against Defendant.

15. These claims are brought on behalf of all residential mortgage borrowers who:

    A. From a time period beginning one year prior to the date of the filing of this complaint to the present;

    B. Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

    C. An interest in their mortgage loan was sold or otherwise transferred or assigned to DLJ Mortgage; and

3

   D. DLJ Mortgage did not make all of the disclosures in the manner required by 15 U.S.C. § 1641(g)(1).

16.  The identities of the class members are readily identifiable through computer records and paper records regularly maintained in Defendant's course of business.

17.  The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

18.  The class is so numerous as to make it impracticable to bring all members of the class before the court. It is believed, based upon Defendant's representations in public records, that the class includes thousands of members. In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

19.  The representative Plaintiff's claims are typical of, if not identical to, the claims of the class.

20.  The representative Plaintiff will fairly and adequately represent the members of the Class and have no interests which are antagonistic to the claims of the class.

21.  The representative Plaintiff has retained counsel who is competent and experienced in consumer fraud class action litigation, and have successfully represented consumers in numerous complex class actions.

22.  Counsel has agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

23.  Common questions of law and fact impact the rights of each member of the class and a common remedy by way of statutory damages is sought for the class.

24. There are numerous and substantial questions of law and fact common to all members of the class which will control in this litigation and which will predominate over any so-called individual issues.

25. A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

26. The substantive claims of the representative Plaintiff and the class are identical and will require evidentiary proof of the same kind and application of the same law.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

28. The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiff for himself and on behalf of the class of borrowers described above, demand judgment against Defendant, DLJ Mortgage and the following relief:

A. An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B. An order appointing Plaintiff as representative of the class;

C. An order appointing the undersigned as class counsel pursuant to Fed.R.Civ.R. 23;

D. An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E. For violating TILA, an order and judgment finding that the defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

F. An award of reasonable attorney's fees as provided by law and statute;

G. An award of costs and expenses incurred in this action; and

H. An award for such other relief as the court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____
Earl P. Underwood, Jr.
Attorney for Plaintiff

**OF COUNSEL**
Underwood & Reimer,
21 South Section Street
Fairhope, AL 36532
(251) 990-5558 Telephone
(251) 990-0626 Facsimile
epunderwood@alalaw.com